United States District Court
Southern District of Texas

**ENTERED**

June 15, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES EDWARD HICKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-3802 |
| | § | |
| HOUSTON POLICE DEP'T, <u>et al</u>., | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

James Edward Hicks filed a civil rights complaint against the Houston Police Department and two Department employees. Section 1915A of title 28 of the United States Code requires a federal district court to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." If the complaint fails to state a valid claim for relief, the court must dismiss the complaint.

Hicks contends that, on November 8, 2023, defendant Torres, a Houston Police Department Officer, and an unnamed Department K9 handler, unreasonably seized him and his property and used excessive force against him. Complaint (Docket Entry No. 1) at 8. He filed this lawsuit on May 8, 2026. <u>Id.</u> at 9.

Because there is no federal statute of limitations for civil rights actions brought pursuant to 42 U.S.C. § 1983, a federal court borrows the forum state's general personal injury

limitations period. Owens v. Okure, 488 U.S. 235, 249-50(1989); Jackson v. Johnson, 950 F.2d 263, 265 (5th Cir.1992). In Texas, the applicable limitations period is two years. Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993). "A district court may sua sponte dismiss a complaint as frivolous on statute-of-limitations grounds where 'it is clear from the face of a complaint that the claims asserted are barred by the applicable statute of limitations.'" Aguilar v. Abbott, 172 F.3d 868 (5th Cir. 1999)(quoting Moore v. McDonald, 30 F.3d 616, 620 (5th Cir.1994)).

As noted above, Hicks alleges that the incident giving rise to this lawsuit occurred on November 8, 2023, but his Complaint is dated May 8, 2026. Because Hicks suffered the alleged violation of his rights on November 8, 2023, the limitations period expired on November 8, 2025. Hicks signed his Complaint six months after the limitations period expired. His claims are thus barred by the statute of limitations, and the Complaint must be dismissed.

For the foregoing reasons, the Complaint is **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). Hicks's pending

2

motion to proceed in forma pauperis (Docket Entry No. 8) is **DENIED AS MOOT.**

The Clerk shall provide a copy of this Order to the parties.

**SIGNED** at Houston, Texas, on this ___15th___ day of June, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

3